# Goodwin *v.* Wells.

*Action for Price of Goods sold and delivered.*

*Liability of merchant for goods received in excess of order.* — Where a merchant orders goods by letter, and receives in reply other goods also, in excess of the order; and, in a letter remitting the price of the goods ordered, he adds these words, " Balance of goods shipped me were not ordered. You will please have patience until they are sold, or they are subject to your order, if you prefer it,"— this does not show an absolute promise to pay for the said goods; nor can his liability to pay for them be inferred, as matter of law, from his retention of them for several years, without any proof that he sold them. His liability, under such circumstances, is a question for the jury.

APPEAL from the Circuit Court of Dallas.
Tried before the Hon. M. J. SAFFOLD.

MORGAN, LAPSLEY & NELSON, for appellant.

W. C. WARD & W. L. BRAGG, *contra.*

B. F. SAFFOLD, J. — The appellee sued the appellant on an account for goods sold, and recovered judgment, under a charge of the court that, if the jury believed the evidence, they must find for the plaintiff. The evidence was that the defendant, being a merchant, ordered goods and received some not contained in the order. A short time afterwards he wrote to the shippers, remitting the money for such as he acknowledged, and saying, " Balance of goods shipped me were not ordered. You will please have patience until they are sold, or they are subject to your order, if you prefer it so." About eighteen months afterwards he received a letter from the receiver, who had been appointed for the shippers, stating an account showing the balance now sued for, and saying, " The above balance is standing to your debit on the books of the late firm of T. P. & N., with a note that indicated that it is for goods that were sent in excess of order. It is so long since they were sent, that I will venture to hope they have been disposed of, or that there is so good a prospect of disposing of them that you are ready to send me a draft for the amount. Please let me hear from you," &c. A witness for the plaintiff testified that the excess of the order was not so great as the balance stated in this letter ; while the defendant, examined as a witness for the plaintiff, testified that he had all the time denied any indebtedness for more than he had paid by his remittance, or any obligation whatever to pay the account sued for, unless he sold the goods ; that he had not sold them, and had kept them apart from his own until they were taken from him during the war. A witness for the defendant corroborated this statement.

The letters referred to do not alone show a contract of purchase by the defendant. His long retention of the goods is consistent with his proposition to pay for them if he sold them, or when he sold them. His proposition is also consistent with a sale on consignment, unless the other party chose to recall them. The matter ought to have been left to the jury.

The judgment is reversed, and the cause remanded.